IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2017

## ANTHONY D. WASHINGTON v. RANDY LEE, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-16-CR-143  Lisa Rice, Judge**

_____

### No. E2017-00497-CCA-R3-HC

_____

Pro se petitioner, Anthony D. Washington, appeals the summary dismissal of his petition for writ of habeas corpus by the Johnson County Criminal Court. In this appeal, the Petitioner makes several claims, all of which are rooted in the duplicitous nature of his indictment. The State asserts that the Petitioner failed to show that his judgment was void. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Anthony D. Washington, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; and Tony Clark, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Petitioner was originally indicted by the Davidson County Grand Jury for one count of possession with the intent to sell or deliver 0.5 grams or more of a substance containing cocaine in a drug-free zone, one count of possession of marijuana, and one count of possession of drug paraphernalia. Following a trial, he was convicted of possession with the intent to sell 0.5 grams or more of a substance containing cocaine in a drug-free zone, and the trial court sentenced the Petitioner, as a Range III, persistent offender, to thirty years' incarceration, with the first twenty years to be served at 100%. Id. He appealed his conviction and sentence, both of which were affirmed by this court. State v. Anthony Dewight Washington, No. M2011-02678-CCA-R3-CD, 2012 WL 6115589, at *1 (Tenn. Crim. App. July 17, 2012), perm app. denied (Tenn. Mar. 5, 2013).

The Petitioner subsequently sought post-conviction relief on the grounds of ineffective assistance of counsel, the denial of which was also affirmed by this court. Anthony Dewight Washington v. State, No. M2015-02309-CCA-R3-PC, 2016 WL 5266620, at *1 (Tenn. Crim. App. Sept. 22, 2016), perm. app. denied (Oct. 15, 2016). On October 18, 2016, the Petitioner filed a petition for writ of habeas corpus, and the State filed a response on November 16, 2016. By order on February 3, 2017, the habeas court denied relief. On March 1, 2017, the Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner challenges his indictment as duplicitous. Specifically, he contends that it "fail[ed] to separate the [three] charges into three different counts" and that he was convicted of two offenses: possession with intent to sell .5 grams or more of a substance containing cocaine and possession with intent to deliver .5 grams or more of a substance containing cocaine. Consequently, the Petitioner claims that he was not informed of the charges he had to defend against at trial and that the lack of jury unanimity violated principles of double jeopardy. In response, the State contends that there is no infirmity in the indictment because the Petitioner was charged with the separate crime of possession, rather than the two crimes of delivery and sale of cocaine. Moreover, they insist that the Petitioner's claims, even if true, only render his judgments voidable, and not void. For the following reasons, we affirm the summary dismissal by the habeas court.

We address the Petitioner's issues with the following well established legal framework in regard to habeas corpus relief. "The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see also T.C.A. §§ 29–21–101 to –130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn.1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable

judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn.1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn.1998); Archer, 851 S.W.2d at 161–64). However, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a [P]etitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the Petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

The Tennessee Supreme Court has held that "the validity of an indictment . . . may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). Generally, an indictment is valid if it contains sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). The Tennessee Supreme Court has held that an indictment that specifically references the statute under which the defendant is indicted is sufficient to satisfy the notice requirement. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000); see also State v. Carter, 988 S.W.2d 145, 149 (Tenn.1999); Ruff v. State, 978 S.W.2d 95, 97, 100 (Tenn. 1998).

The Petitioner cites State v. Jordan Thomas Peters, seemingly for the proposition that the facts supporting the drug-free school zone enhancement in his case were not included in the indictment or presented to the jury. No. E2014-02322-CCA-R3-CD, 2015 WL 6768615, at *12 (Tenn. Crim. App. Nov. 5, 2015), perm. app. denied (Apr. 7, 2016).[1] Alternatively, the Petitioner apparently claims that enhancement of his sentence

---

[1] Tennessee Code Annotated Section 39-17-432(b)(1), generally referred to as the Drug-Free School Zone Act, provides as follows:

A violation of § 39-17-417, or a conspiracy to violate the section, that occurs on the grounds or facilities of any school or within one thousand feet (1,000') of the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, or public library, recreational center or park shall be

under the drug-free school zone statute equates to a separate offense further contributing to the duplicitous nature of his conviction. Neither of the Petitioner's claims entitles him to habeas corpus relief. The pertinent section of the indictment in this case charged the Petitioner as follows:

> on the 14th day of May, 2010, in Davidson County, Tennessee and before the finding of this indictment, knowingly did possess with intent to sell or deliver .5 grams or more of a substance containing cocaine . . . on the ground or facilities within one thousand (1000) feet of the real property that comprises a preschool, childcare agency, public library, recreational center or park in violation of Tennessee Code Annotated § 39-17-417, and against the peace and dignity of the State of Tennessee.

To the extent that the Petitioner challenges the jurisdiction of the convicting court based on deficiencies in the indictment, we find none. As an initial matter, the indictment cited the relevant drug statute and tracked the language of the drug-free school zone enhancement verbatim. Although it did not explicitly provide the name of the school or park as complained of by the Petitioner, such an omission does not render his conviction void. See e.g. State v. Jamie N. Grimes, No. M2012-00530-CCA-R3-CD, 2013 WL 5761301, at *5 (Tenn. Crim. App. Oct. 22, 2013) (holding that indictment using language from the Drug-Free School Zone Act gave the defendant sufficient notice of the charges even though the indictment did not cite Tennessee Code Annotated § 39-17-432). The language included in the indictment enabled the Petitioner to know the accusation to which an answer was required and furnished the trial court with an adequate basis for the entry of a proper judgment. Moreover, our review of the judgment in this case shows that the Petitioner's offense of conviction was "possession of [greater than] .5 grams of cocaine for sale (Drug Free Zone-Park)" in violation of Tennessee Code Annotated section 39-17-417. Contrary to the Petitioner's belief, the judgment properly reflects that he was sentenced as a Range III, Persistent Offender to thirty years' incarceration, with twenty years' to be served at one-hundred percent pursuant to the enhancement. Accordingly, we conclude that the Petitioner had sufficient notice of the charges to defend at trial. As such, the Petitioner has failed to show that the trial court was without jurisdiction to enter judgment in this case, and he is not entitled to relief on this issue.

Next, the Petitioner cites State v. Angela E. Isabell, a case in which this court found convictions for "sale or delivery" of an illegal controlled substance to be duplicitous. No. M2002-00584-CCA-R3-CD, 2003 WL 21486982, at *3–4 (Tenn. Crim.

---

punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation.

App., at Nashville, June 27, 2003). However, that case was decided on direct appeal, and not on a petition for habeas corpus relief. Accordingly, even if the Petitioner's claim was true, this court has repeatedly held that, "Duplicity in an indictment does not result in a void judgment." Michael David Russell v. Virginia Lewis, Warden, No. E2005-02644-CCA-R3-HC, 2007 WL 2141546, at *2 (Tenn. Crim. App., at Knoxville, July 26, 2007) (citing Gary Lynn Vernon v. Jim Dickman, Warden, No. M2003-02268-CCA-R3-HC, 2004 WL 1778480, at *2 (Tenn. Crim. App., at Nashville, Aug. 9, 2004)); Clifford L. Farra v. Howard Carlton, No. E2009-00008-CCA-R3-HC, 2010 WL 454808, at *2–3 (Tenn. Crim. App. Feb. 5, 2010)(same). Furthermore, violations of double jeopardy also do not result in void judgments. Id. (citing Raymond Rutter v. State, No. E2003-01386-CCA-R3-PC, 2004 WL 792066, at *3 (Tenn. Crim. App., at Knoxville, Apr. 7, 2004)). Because the Petitioner has failed to show that the trial court lacked jurisdiction, he is also not entitled to habeas corpus relief on this issue.

## **CONCLUSION**

Upon our review, the judgment of the habeas corpus court is affirmed.

 

_____
CAMILLE R. MCMULLEN, JUDGE

- 5 -